CARROLL, DONALD, Judge.
The plaintiffs below have appealed from an adverse final decree of the Circuit Court for Clay County dismissing with prejudice *663 their amended complaint seeking to set aside a tax deed on the ground that it was based on a void tax assessment because the assessment was not made in the name of the last known owner of the land. The chancellor found from the evidence that the taxes for the year 1951, the nonpayment of which was the basis of the issuance of the tax deed, were assessed in the name of “P. A. Robinson heirs”, whereas the record title was actually vested in the heirs of Philip A. Robertson, who are the plaintiffs in this suit. There was no proof that a tax return for 1951 was made, and the plaintiffs’ counsel conceded that no such return had been made. The chancellor found from the evidence that two of the plaintiffs and at least two other heirs had actual notice of sale before it took place. The chancellor then held the assessment was not so defective as to invalidate the tax deed. He also found that the plaintiffs’ evidence was insufficient to overcome the prima facie validity of the tax deed.
The statute (Section 193.21, Florida Statutes 1951, F.S.A.), in force in 1952, when the tax certificate involved here was issued, provides that, when no return is filed on or before the first day of April of each year, the county tax assessor shall “assess such lands not returned for taxation in the name of the last known owner; provided, that an erroneous statement of the name of the owner of such land or entry on the assessment roll shall not invalidate the assessment * *
The chancellor, who as the trier of the facts heard the testimony of the witnesses at the hearing before him, found “the evidence offered by the plaintiffs insufficient to overcome the prima facie validity of the tax deed.” Such validity arises from Section 194.24, Florida Statutes 1951, F.S.A., which provides in pertinent part as to the deeds like that before us: “All such deeds shall be prima facie evidence of the regularity of all proceedings from the valuation of the lands by the assessor to the issuance of such deed, inclusive.”
In view of this statutory provision for the prima facie validity of a tax deed and of the strong presumption of validity with which the chancellor’s decree comes to us on this appeal, we cannot and do not say that he abused his discretion in entering the final decree appealed from. Accordingly, this decree must be and it is affirmed.
WIGGINTON, Chief Judge, and STURGIS, J., concur.